# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# CASE NO: 6:25-CV-00503-GAP-UAM

ASHLEY NIEVES,

        Plaintiff,

   v.

LEXISNEXIS RISK SOLUTIONS,
INC.; TRANSUNION LLC;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and EQUIFAX,
INC.,

        Defendants.

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## FACTUAL ALLEGATIONS

### COMPLAINT ¶1:

Plaintiff, Ms. Ashley Nieves (hereinafter referred to as "Ms. Nieves") is a "Consumer" as defined by 12 CFR 1022.3(t).

### ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

### COMPLAINT ¶2:

Ms. Nieves is a survivor of "severe forms of human trafficking" as defined by Trafficking Victims Protection Act of 2000, 22 U.S.C. 7102(11).

### ANSWER:

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

317778564v.1

**COMPLAINT ¶3:**

Ms. Nieves is a survivor of "sex trafficking" as defined by Trafficking Victims Protection Act of 2000, 22 U.S.C. 7102(12).

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶4:**

Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") , Transunion LLC ("Transunion"), LexisNexis Risk Solutions ("LNRS")(hereinafter collectively referred to as "Defendants") are each "consumer reporting agencies" as defined by 603(f) of the FCRA.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶5:**

As a result of the sex trafficking, Ms. Nieves was also a victim of identity theft because the traffickers used her identity to obtain, goods, services and housing without her consent[1], and many times without her knowledge.

---

[1] Ms. Nieves was continually under duress to comply with demands of the traffickers.

317778564v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

Additionally, Ms. Nieves was forced under duress to commit actions and/or crimes that she had no ability to refuse.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶7:**

As a part of an extensive rehabilitation program, Ms. Nieves also received services from the Justice Restoration Center to expunge her criminal records because the crimes were committed under duress as a result of human sex trafficking.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶8:**

Ms. Nieves was only qualified to expunge her criminal record because of her status as a survivor of sex trafficking.

317778564v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶9:**

The expungement process required in the Circuit Court of the Ninth Judicial
Circuit in and for Osceola County, to determine that Ms. Nieves was a victim of sex
trafficking. Upon making that determination, the Court entered the Stipulated Order
to Expunge Defendant/Petitioner's Criminal Record History (hereinafter referred to
as "Expungement Order") (a true and correct copy of the Expungement Order is
attached hereto as *Exhibit 1*.

**ANSWER:**

The allegations in this paragraph refer to a document, which speaks for itself,

and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

misquotes, or takes out of context the contents of the document referenced by this

paragraph.

**COMPLAINT ¶10:**

During her recovery and rehabilitation process (and continuing thereafter) Ms.
Nieves attempted to obtain services, housing and credit needed to re-enter and
function in society.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

317778564v.1

## COMPLAINT ¶11:

During this process Ms. Nieves learned that there were adverse items on her consumer report that resulted from "a severe form of trafficking in persons or sex trafficking" of which Ms. Nieves was the victim, many of which were erroneously attributed to her identity and consumer report.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶12:

Ms. Nieves retained The Advocacy Group to assist her in seeking removal of these adverse items from her consumer reports.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶13:

With the assistance of The Advocacy Group, Ms. Nieves sent notices to Experian, Equifax, Transunion and LexisNexis Risk Solutions, Inc. ("LNRS") (hereinafter collectively referred to as "Defendants").

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

317778564v.1

**COMPLAINT ¶14:**

On or about September of 2022, Ms. Nieves contacted the Defendants and notified them of her status as a survivor of severe forms of human trafficking and provided the required supporting documentation including the Expungement Order (*Exhibit 1*), the Power of Attorney (*Exhibit 2*), and her drivers license. Therein she requested various adverse items be suppressed from her credit reports as those items were the result of the severe sex human trafficking.

**ANSWER:**

Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶15:**

On or about March 20, 2023, February 26, 2024 and September 19, 2024, Ms. Nieves sent dispute notices to the furnishers pursuant to the FCRA 605C (Regulation V) requesting errors from her credit file be corrected as the information resulted from a severe form of trafficking in persons or sex trafficking of which Ms. Nieves was the victim.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

With each notice, Ms. Nieves submitted the required "trafficking documentation as defined by 12 C.F.R. 1022.142(b)(6), which included a true and correct copy of the Expungement Order. See *Exhibit 1*.

7

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

As explained supra, the Expungement Order was entered by a "court of competent jurisdiction", which is a "governmental entity", and clearly states Ms. Nieves was a victim of trafficking. Additionally, the court conducted an initial review of the. Ms. Nieves' claims in the Petition for Expungement and after having been fully advised in the premises, granted relief in favor of Ms. Nieves. See Expungement Order, *Exhibit 1*.

**ANSWER:**

Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

Also enclosed with each notice was a copy of Ms. Nieves' Florida Drivers License, a Limited Power of Attorney authorizing The Advocacy Group to act on behalf of Ms. Nieves, and other required supporting documents or identification information such as social security number, address, and date of birth. A copy of the Limited Power of Attorney is attached hereto as *Exhibit 2*. Defendants are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared database.

**ANSWER:**

Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**March 2023 FCRA Dispute Notice**

**COMPLAINT ¶19:**

On or about March 20, 2023, Ms. Nieves sent a dispute notice to Defendants regarding their failure to suppress reporting of adverse items and information that resulted from a severe form of trafficking in persons or sex trafficking. A true and correct copy of the March 2023 Dispute Notice (not including the confidential exhibits[2]) is attached hereto and incorporated herein as *Exhibit 3* and is hereinafter referred to as *Exhibit 3* or "March 2023. Dispute Notice").

---

[2] Each Defendant has the confidential exhibits in its care, custody and control; Ms. Nieves shall produce confidential exhibits pursuant to a protective order in this pending litigation.

317778564v.1

**ANSWER:**

Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶20:**

Ms. Nieves again provided a true and correct copy of the Expungement Order (*Exhibit 1*) a copy of Ms. Nieves' Florida Drivers License, and a copy of the Limited Power of Attorney (*Exhibit 2*).

**ANSWER:**

Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶21:**

Ms. Nieves requested that Defendants suppress and/or remove any and all erroneous addresses that were associated with the human traffickers which should not have been associated with Ms. Nieves, providing a list thereof.

**ANSWER:**

Equifax denies the allegations in this paragraph.

10

**COMPLAINT ¶22:**

Ms. Nieves requested erroneous phone numbers associated with the human traffickers be suppressed or removed from her consumer reports, providing a list thereof

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶23:**

Ms. Nieves requested that erroneous spellings or versions of her names, that were likely misspelled by human traffickers when using her identity, be removed or suppressed from her consumer reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶24:**

In the March 2023 Dispute Notice, Ms. Nieves advised that her criminal record, which had been expunged pursuant to the Expungement Order (*Exhibit 1*), should be suppressed from her credit report pursuant to Section 605c and that she had received denials of consumer credit due the reporting of same from Regions Bank and RentGrow. See attached denial of credit from Regions bank due to numerous addresses and felony record. See *Exhibit 4* referred to as "Regions Denial".

**ANSWER:**

Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶25:**

Ms. Nieves was mortified and emotionally distraught to learn that her felony record was being disclosed to creditors.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶26:**

In the March 2023 Dispute Notice, Ms. Nieves further advised Defendants of adverse reporting by FLORIDA DEPARTMENT OF REVENUE - CHILD SUPPORT that resulted from "a severe form of trafficking in persons or sex trafficking" of which Ms. Nieves was the victim and therefore requested suppression pursuant to Section 605c.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶27:**

As explained, Ms. Nieves was not free to obtain any income or to pay for any personal or familial expenses and was not permitted to retain any funds when she was a victim of human trafficking. Additionally, she did not receive any notices regarding child support proceedings. As a result, Child Support was awarded to the father of her children (who also was not in custody or care of her children). She was forced to erroneously pay back child support to their father that did not actually go towards her children's care. The reporting of this debt resulted from "a severe form of trafficking in persons or sex trafficking" of which Ms. Nieves was the victim, and thus should have been suppressed.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

LNRS failed to provide a response to Ms. Nieves' March 2023 Dispute Notice.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

Ms. Nieves has requested an updated copy of her consumer report and file from LNRS on multiple occasions since the March 2023 Dispute Notice, but is still awaiting a copy.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

Most recently, Ms. Nieves requested a copy on February 2, 2025 and March 17, 2025 and March 18, 2025.

317778564v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**January 2024 Dispute Notice**

**COMPLAINT ¶31:**

On January 31, 2024, Ms. Nieves received a denial from Chase bank for an Amazon credit account that she needed for purchasing household goods. A true and correct copy of the Chase denial is incorporated herein and attached hereto as "Chase Denial" or *Exhibit 5*.

**ANSWER:**

Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

Ms. Nieves requested a copy of her consumer credit reports from the CRAs, but only received copies from Equifax and Experian.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

Due to the continued failure to suppress or remove adverse items that resulted from "a severe form of trafficking in persons or sex trafficking" of which Ms. Nieves was the victim, Ms. Nieves sent another FCRA dispute notice to Experian and Equifax. A true and correct copy of the February 2024 FCRA dispute notice (not including the confidential exhibits[3]) is attached hereto and incorporated herein and is hereinafter referred to as *Exhibit 6* or "February 2024 Dispute Notice").

**ANSWER:**

Equifax admits that on March 7, 2024, it received a letter from Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph.

**COMPLAINT ¶34:**

In the February 2024 Dispute Notice, Ms. Nieves again provided a true and correct copy of the Expungement Order (see *Exhibit 1*) a copy of Ms. Nieves' Florida Drivers License, a Limited Power of Attorney (see *Exhibit 2*).

---

[3] Each Defendant has the confidential exhibits in its care, custody and control; Ms. Nieves shall produce confidential exhibits pursuant to a protective order in this pending litigation.

**ANSWER:**

Equifax admits that on March 7, 2024, it received a letter from Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph.

**COMPLAINT ¶35:**

Ms. Nieves again requested Experian and Equifax suppress and/or remove any and all prior erroneous addresses that were associated with the human traffickers which should not have been associated with Ms. Nieves.

**ANSWER:**

Equifax admits that on March 7, 2024, it received a letter from Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph.

**COMPLAINT ¶36:**

Ms. Nieves again requested erroneous phone numbers associated with the human traffickers be suppressed or removed from her consumer reports by Experian and Equifax.

**ANSWER:**

Equifax admits that on March 7, 2024, it received a letter from Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph.

16

**COMPLAINT ¶37:**

Ms. Nieves again requested that erroneous spellings or versions of her names, that were likely misspelled by human traffickers when using her identity, be removed or suppressed from her consumer reports by Experian and Equifax.

**ANSWER:**

Equifax admits that on March 7, 2024, it received a letter from Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph.

**COMPLAINT ¶38:**

In response to Ms. Nieves' February 2024 Dispute Notice, Equifax sent a letter advising Ms. Nieves that she did not provide sufficient documentation to determine that she was a victim of human trafficking and refused to suppress the requested items. A true and correct copy of the response letter from Equifax is attached hereto as *Exhibit 7*.

**ANSWER:**

Equifax admits that on March 13, 2024, it mailed a letter to Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph.

**COMPLAINT ¶39:**

In response to Ms. Nieves' February 2024 FCRA Dispute Notice, Experian sent Ms. Nieves a letter advising that specific items were blocked pursuant to Section 605c as a result of her request including the Child Support Enforcement action. A true and correct copy of the redacted response letter from Experian is attached hereto as *Exhibit 8*.

317778564v.1

**ANSWER:**

Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

However, Experian sent a second response letter to Ms. Nieves advising that their reinvestigation had not resolved her dispute and provided a report of items that were still included on her report which included the erroneous addresses, phone numbers and names associated with Ms. Nieves as a result of the human trafficking. A true and correct copy of the redacted second response letter to Ms. Nieves' February 2024 Dispute Notice is attached hereto as *Exhibit 9*.

**ANSWER:**

Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

317778564v.1

**September 2024 Dispute Notice**

**COMPLAINT ¶41:**

Ms. Nieves again requested a copy of her consumer credit reports from the CRAs in September of 2024, but only received a copy from Experian and Equifax.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶42:**

Upon review of Ms. Nieves' consumer reports as of the September 12, 2024, Ms. Nieves learned that adverse reporting had not been suppressed despite her multiple requests.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶43:**

It became apparent that Equifax and Experian would not remove the erroneous addresses from her file in response to her dispute notices.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶44:**

Additionally, Equifax and Experian failed to suppress a medical debt that was incurred as a result of the severe sex trafficking; Ms. Nieves again requested this adverse item be suppressed pursuant to 605c.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶45:**

In response Equifax sent multiple letters advising that Ms. Nieves had failed to provide adequate documentation of her status as a human trafficking survivor despite her submission of the Expungement Order being included with her request along with other identifying documentation.

**ANSWER:**

Equifax admits that it has mailed letters to Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph.

**COMPLAINT ¶46:**

As a result of Defendants' actions and omissions, Ms. Nieves has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶47:**

Ms. Nieves requested copies of her consumer report from LNRS again in February and March of 2025 on three occasions, but is still waiting to receive the requested report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶48:**

Ms. Nieves requested copies of her consumer reports from Equifax, Experian and Transunion, but the online system of Equifax and Transunion denied access to her consumer reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶49:**

The adverse information related to human sex trafficking remains on her consumer report with Experian as of the date of this filing.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding

the allegations in this paragraph and, on that basis, denies the allegations contained

therein.

**COMPLAINT ¶50:**

Upon information and belief, the adverse information, including the addresses associated with her former traffickers still remains on the consumer reports controlled by LNRS, Transunion and Equifax.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT ONE: AGAINST LEXIS NEXIS RISK SOLUTIONS,
EXPERIAN, EQUIFAX, AND TRANSUNION VIOLATIONS
OF 15 U.S.C. §§1681,** *et seq.*
**(Failure to conduct a reasonable investigation)**

**COMPLAINT ¶51:**

Plaintiff restates and incorporates all of her statements and allegations contained in paragraphs 1 through 50, in their entirety, as if fully rewritten herein..

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶52:**

As stated above, supra, Ms. Nieves sent disputes LNRS, Experian, Equifax, and TransUnion notifying them of her status as a human trafficking survivor and along with the required documentation (see *Exhibits 1*, *3*, *6*, and *10*) requesting that each CRA respectively suppress adverse items on her consumer report that resulted from "a severe form of trafficking in persons or sex trafficking" of which Plaintiff was the victim.

**ANSWER:**

Equifax admits only that on March 7, 2024, it received a letter from Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out

22

of context the contents of the documents referenced by this paragraph. Equifax denies any remaining allegations in this paragraph.

## COMPLAINT ¶53:

Each of these disputes was sent by Ms. Nieves to each CRA's respective designated address to receive written disputes. Id.

## ANSWER:

Equifax admits only that on March 7, 2024, it received a letter from Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax denies any remaining allegations in this paragraph.

## COMPLAINT ¶54:

Ms. Nieves explained the importance of removing the addresses and phone numbers that were associated with her trafficker because the trafficker had stolen her identity and used that information to obtain credit in her name without her authorization.

## ANSWER:

Equifax admits only that on March 7, 2024, it received a letter from Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax denies any remaining allegations in this paragraph.

**COMPLAINT ¶55:**

Additionally, Ms. Nieves explained that the other adverse items referenced in her dispute notices resulted from a severe form of trafficking in persons or sex trafficking and needed to be suppressed pursuant to Section 605c of the FCRA.

**ANSWER:**

Equifax admits only that on March 7, 2024, it received a letter from Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph. Equifax denies any remaining allegations in this paragraph.

**COMPLAINT ¶56:**

As a result of the CRAs failure to suppress the addresses and other adverse items, Ms. Nieves was denied credit and suffered emotional distress due to information related to human trafficking being disclosed to her creditors.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶57:**

Each of the three CRAs knew or should have known that (1) Ms. Nieves is a survivor of sex trafficking and (2) that the adverse information resulted from the human trafficking because Ms. Nieves provided notice on a minimum of two occasions.

**ANSWER:**

Equifax admits only that on March 7, 2024, it received a letter from Plaintiff, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out

24

of context the contents of the documents referenced by this paragraph. Equifax denies any remaining allegations in this paragraph.

## COMPLAINT ¶58:

Upon information and belief, the adverse information related to the human trafficking is still being reported by the CRAs and continues to curtail Ms. Nieves' ability to re-establish her credit since rebuilding her life as a survivor of human trafficking..

## ANSWER:

Equifax denies the allegations in this paragraph.

## COMPLAINT ¶59:

Based on the allegations above Equifax failed to suppress the information that resulted from human trafficking in response to Ms. Nieves' dispute as required by 15 U.S.C. §1681c..

## ANSWER:

Equifax denies the allegations in this paragraph.

## COMPLAINT ¶60:

Based on the allegations above Experian failed to suppress the information that resulted from human trafficking in response to Ms. Nieves' dispute as required by 15 U.S.C. §1681c.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶61:**

Based on the allegations above TransUnion failed to suppress the information that resulted from human trafficking in response to Ms. Nieves' dispute as required by 15 U.S.C. §1681c.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶62:**

Based on the allegations above LNRS failed to suppress the information that resulted from human trafficking in response to Ms. Nieves' dispute as required by 15 U.S.C. §1681c.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶63:**

Based on the allegations above Equifax failed to conduct a reasonable investigation with respect to the disputed information as to Ms. Nieves as required by 15 U.S.C. §1681s-2(b)(1)(b) and/or §1681i(a) respectively.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶64:**

Based on the allegations above Experian failed to conduct a reasonable investigation with respect to the disputed information as to Ms. Nieves as required by 15 U.S.C. §1681s-2(b)(1)(b) and/or §1681i(a) respectively.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶65:**

Based on the allegations above TransUnion failed to conduct a reasonable investigation with respect to the disputed information as to Ms. Nieves as required by 15 U.S.C. §1681s-2(b)(1)(b) and/or §1681i(a) respectively.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶66:**

Based on the allegations above LNRS failed to conduct a reasonable investigation with respect to the disputed information as to Ms. Nieves as required by 15 U.S.C. §1681 s-2(b)(1)(b) and/or §1681i(a) respectively.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

317778564v.1

**COMPLAINT ¶67:**

Each of the CRA's respective continued failure to suppress adverse items of information that resulted from a severe form of trafficking in persons or sex trafficking, in light of its knowledge, was willful. Ms. Nieves is eligible for statutory and punitive damages.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated

the FCRA or any other law, and denies that Plaintiff is entitled to any damages

whatsoever.

**COMPLAINT ¶68:**

The foregoing acts and omissions by each CRA constitute willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶69:**

As a result of each and every willful violation of the FCRA committed by Equifax, Experian, and TransUnion with respect to Ms. Nieves consumer reports, Ms. Nieves is entitled to statutory damages pursuant to 15 U.S.C. §1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. §1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n(a)(3) from each Defendant as applicable.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated

the FCRA or any other law, and denies that Plaintiff is entitled to any relief

whatsoever by the Complaint.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED:  May 16, 2025                           Respectfully submitted,

                                                       SEYFARTH SHAW LLP


                                                       By:  */s/ Paige Vacante*
                                                             Paige Vacante (Bar No. 1019135)
                                                             pvacante@seyfarth.com
                                                             SEYFARTH SHAW LLP
                                                             233 S. Wacker Drive
                                                             Chicago, IL  60606-6448
                                                             Telephone: (312) 460-5000
                                                             Facsimile: (312) 460-7000

                                                             *Counsel for Defendant*
                                                             *Equifax Information Services LLC*

317778564v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2025, I presented the foregoing EQUIFAX

INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using

the CM/ECF system, which will send notification of such filing to all counsel of

record.


*/s/ Paige Vacante*
Paige Vacante
*Counsel for Defendant*
*Equifax Information Services LLC*